1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MENDEZ, an Individual,<br><br>                              Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC, a<br>Delaware corporation and DOES 1<br>through 20, inclusive,<br><br>                              Defendants. | Case No.: 3:22-cv-02026-W-MDD<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO REMAND [DOC. 6]** |

Pending before the Court is Plaintiff Victor Mendez's Motion to Remand this case to the San Diego Superior Court. (*Mot.* [Doc. 6].) Defendant opposes. (*Opp'n* [Doc. 11].)

The Court takes the matter under submission and without oral argument. *See* Civ. R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand [Doc. 6].

## I.    RELEVANT BACKGROUND

This case concerns numerous causes of actions arising out of Plaintiff's employment at and ultimate termination from Defendant Walmart. Plaintiff Victor Mendez was at all

1

relevant times an employee of Walmart. (*Compl.*, *Notice Of Removal Ex. A* [Doc. 1-2] ¶¶ 3-5.) On or about January 1, 2021, Plaintiff broke five ribs during an ATV accident, which impacted his ability to perform his job. (*Compl.* ¶ 18.) Defendant Walmart was unable to honor Plaintiff's work restrictions and placed Plaintiff on a leave of absence. (*Compl.* ¶ 19.) Plaintiff's employment was ultimately terminated on February 8, 2021. (*Compl.* ¶ 20.)

On November 17, 2022, Plaintiff filed suit against Defendant in San Diego Superior Court, alleging: (1) discrimination; (2) retaliation; (3) failure to prevent discrimination and retaliation; (4) failure to provide reasonable accommodations; (5) failure to engage in a good faith interactive process, all in violation of California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 et seq. ("FEHA"); (6) for declaratory judgment; (7) wrongful termination in violation of public policy; and (8) failure to permit inspection of personnel and payroll records, in violation of California Labor Code § 226 and § 1198.5. (*Notice Of Removal* [Doc. 1] ¶ 2.) In response, Defendant filed a general denial and affirmative defenses. (*Notice Of Removal* ¶ 4.)

On December 20, 2022, Defendant Walmart removed the case to federal court based on diversity jurisdiction. (*Notice Of Removal* ¶ 9.) Plaintiff now moves to remand the case back to state court. (*Mot.* [Doc. 6] at 1.)

## II.   LEGAL STANDARD

A federal court cannot reach the merits of any dispute until it confirms that it retains jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). To establish jurisdiction through diversity of citizenship, the removing party

1 must show the amount in controversy exceeds $75,000, and that complete diversity exists
2 between the parties.  28 U.S.C. § 1332(a) *et seq*.

3       The district court has an obligation to raise lack of subject matter or removal
4 jurisdiction *sua sponte*.  *See* 28 U.S.C. § 1447(c).  Therefore, in a removal action, a district
5 court must remand a case to state court if, at any time before final judgment, the court
6 determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c) *et seq*.  The
7 Court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of
8 removal.  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers,* 159 F.3d 1209, 1213 (9th
9 Cir.1998).  "That the amount in controversy is assessed at the time of removal does *not*
10 mean that the mere futurity of certain classes of damages precludes them from being part
11 of the amount in controversy."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th
12 Cir. 2018) (emphasis in original).

13       Consistent with the limited jurisdiction of federal courts, the removal statute is
14 strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th
15 Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant
16 always has the burden of establishing that removal is proper."  *Id.*  "Federal jurisdiction
17 must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

18

19 **III.   DISCUSSION**

20       Plaintiff challenges the removal on the grounds that Defendant failed to meet its
21 burden to establish the amount in controversy.[1]  (*Mot*. at 4.)  Defendant opposes.

22       When a defendant removes a matter to federal court and "the amount [in
23 controversy] is not 'facially apparent' from the complaint, the court may consider facts in
24 the removal petition, and may require parties to submit summary-judgment-type evidence
25 relevant to the amount in controversy at the time of removal."  *Kroske v. U.S. Bank Corp.*,

26

27

---

28  [1] Plaintiff does not raise lack of complete diversity of citizenship as a basis for remand.

1  432 F.3d 976, 980 (9th Cir. 2005) (internal citations omitted).  The defendant may "simply
2  allege or assert that the jurisdictional threshold has been met," and "rely on reasonable
3  assumptions."  *Canesco v. Ford Motor Co.,* 570 F. Supp. 3d 872, 887 (S.D. Cal. 2021)
4  (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) and
5  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)).  But if a plaintiff
6  challenges the amount in controversy, the defendant must then show by preponderance of
7  the evidence that the amount exceeds the jurisdictional threshold.  *Canesco,* 570 F. Supp.
8  3d at 888.  If a defendant presents proof of damages exceeding the amount in controversy,
9  it then becomes the plaintiff's burden to show, as a matter of law, that it is certain they will
10  not recover the jurisdictional amount.  *Id.* (internal citations omitted).

11  Here, Plaintiff seeks, *inter alia*, compensatory damages including lost wages,
12  earnings, commissions, retirement and other employee benefits, general damages for
13  emotional distress and loss of earning capacity, as well as attorneys' fees and punitive
14  damages pursuant to Civil Code §§ 3294.[2] (*Compl.* at 18, 19.)  Plaintiff contends that
15  Defendant has offered no evidence to support a finding that the amount in controversy
16  requirement has been exceeded.  However, in reviewing Defendant's arguments involving
17  lost wages and attorneys' fees, this Court finds the amount in controversy requirement is
18  satisfied.

19  ***Lost Wages.***  The Parties seem to agree that Plaintiff's lost wages from date of
20  termination through filing his Complaint amount to \$49,680.  (*Opp'n* at 10; *Reply* [Doc.
21  13] at 3.)  Accordingly, this amount is the starting point for the Court's amount in
22  controversy calculation.

23
24
25

26  [2] The Court grants Defendant's Request for Judicial Notice [Doc. 12] filed concurrently with the
27  Motion and hereby takes judicial notice of Plaintiff's Attorney's previous Motions for Statutory
Attorneys' Fees, attached as Exhibit A to the Request for Judicial Notice and previous jury awards
28  for non-economic damages for emotional distress in FEHA cases, attached as Exhibit B to the
Request for Judicial Notice.

4

1    Plaintiff argues that *only* this amount should be considered for amount in controversy
2    purposes because Defendant's calculations of future lost wages are not accurate, and
3    instead are purely speculative. (*Mot.* at 6, 8.) However, the Ninth Circuit has held that
4    when "a plaintiff's complaint at the time of removal claims wrongful termination resulting
5    in lost future wages, those future wages are included in the amount in controversy."
6    *Chavez*, 888 F.3d at 418. As such, the $49,680 Plaintiff has already accrued at the time of
7    this filing is the minimum amount that could be awarded.

8    This amount could, and very likely would, increase significantly when future lost
9    wages and other employment benefits—both of which Plaintiff has made claims for—are
10   determined. In fact, Defendant contends that this amount could reach $92,340 by the
11   conclusion of litigation based on the average length of trial. (*Opp'n* at 3.) Defendant cites
12   to four matters where Plaintiff's Attorney's Motions to Remand have been denied based
13   on calculations of past and future lost wages alone. (*Opp'n* [Doc. 11] at 3.) The facts of
14   *Garcia v. ACE Cash Express, Inc.* are particularly similar to the facts here. *See* 2014 WL
15   2468344 (C.D. Cal. May 30, 2014) (using the "estimated time between removal and trial"
16   when calculating future lost wages for amount in controversy purposes because "the
17   preponderance of the evidence standard does not require [a defendant] to 'prove' the
18   exactness of any calculated future quantit[y].") However, given that the weight of authority
19   uses more concrete facts to calculate future lost wages and that "the removal statute is
20   strictly construed against removal jurisdiction," the Court is not persuaded that this
21   speculative amount should be used. *See Chavez*, 888 F.3d at 416 ("[Plaintiff] did admit in
22   her deposition...that she had intended to continue working for another nine years.") The
23   Court finds that $49,680 is the starting point for calculating the amount in controversy here.

24   ***Attorneys' Fees.*** The Ninth Circuit has held that "where an underlying statute
25   authorizes an award of attorneys' fees, either with mandatory or discretionary language,
26   such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*,
27   142 F.3d 1150, 1156 (9th Cir. 1998). The Fair Employment and Housing Act authorizes
28   such awards. Gov. Code, § 12965, subd. (b). Courts "must include future attorneys' fees

1   recoverable by statute or contract when assessing whether the amount-in-controversy
2   requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785,
3   794 (9th Cir. 2018).

4       To determine attorneys' fees amount, Plaintiff asks this Court to use a "conservative
5   estimate of attorney's fees," and adhere to the formula used in *Sasso v. Noble Utah Long*
6   *Beach, LLC,* 2015 WL 898468 (C.D. Cal. 2015). (Reply at 3.) *Sasso* explains that courts
7   in this circuit have held that a reasonable rate for employment cases is $300 per hour and
8   100 hours is an appropriate and conservative estimate of the number of hours expended
9   through trial for an employment action. *See* 2015 WL 898468 at *5; *see also Adkins v.*
10  *J.B. Hunt Transport, Inc.,* 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quoting and
11  utilizing the *Sasso* formula). Using the *Sasso* formula, this Court finds that, contrary to
12  Plaintiff's proposed calculation of $20,000, an appropriate and conservative estimate of
13  attorneys' fees in this matter is $30,000. The Court also notes that, according to previous
14  motions for statutory attorneys' fees filed by Plaintiff's counsel in other cases, the actual
15  amount here will likely be much higher. (*See Defendant's Request for Judicial Notice*
16  *Exhibit A.*) Nonetheless, when this conservative estimate of attorneys' fees ($30,000) is
17  added to the minimum and uncontested amount of Plaintiff's lost wages ($49,680), the total
18  amounts to $79,680, which satisfies the threshold requirement.

19      Because the amount in controversy requirement is exceeded in calculating presently
20  accrued lost wages and a "conservative estimate" of attorneys' fees alone, and because
21  Plaintiff has not shown, as a matter of law, that this amount could not be recovered, the
22  Court's analysis need not continue. Accordingly, the Court has subject matter jurisdiction
23  and the case was properly removed.

24

25  **IV.   ORDER & CONCLUSION**

26      In light of the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand [Doc. 6].
27  **IT IS SO ORDERED.**

28

1

2  Dated: March 6, 2023

3

4                                          Hon. Thomas J. Whelan

5                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28